UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENNIS PERRYMAN,

Plaintiff,

2:14-cv-00719-TC

v.

FINDINGS AND RECOMMENDATION

COLLETTE PETERS, et al.,

Defendants.

COFFIN, Magistrate Judge.

Plaintiff, an inmate in the custody of the Oregon department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment and Due Process rights arising out of his cell extraction and subsequent placement on close supervision status. Plaintiff also alleges "Negligence" and a claim for "contempt of court injunctions."

Defendants have moved for summary judgment (#48).

The relevant facts are as follows: Plaintiff participated in a group disturbance at Two Rivers Correctional Institution's (TRCI's) Disciplinary Segregation Unit (DSU) in May of 2012. Several inmates on the unit - including plaintiff - complained about the food they were receiving, demanded sack lunches, and acted out when sack lunches were not provided. Plaintiff covered his cell window, refused to remove the covering, barricaded his door with a mattress, wedged paper in the door so it could not be opened, and covered himself in a make-shift poncho made out of bedding. Because plaintiff obstructed the view of his cell, ODOC staff carried out a planned use of force to extract plaintiff from his cell. Because plaintiff abused his mattress, blankets, sheets, pillow case and paper, he was placed on close supervision and those items were removed from his cell.

Plaintiff alleges that he was subjected to cruel and unusual punishment and denial of due process, "negligence," and a violation of alleged "court injunctions."

Defendants move for summary judgment on the following grounds: (1) defendants did not violate plaintiff's Eighth or Fourteenth Amendment rights; (2) even if defendant did violate plaintiff's constitutional rights they are entitled to qualified immunity from damages; (3) plaintiff has not stated a claim for injunctive relief; (4) plaintiff's state law

claims "do not belong in this court;" and (5) plaintiff's "self-styled 'contempt of court injunctions' claim is a non-starter." Defendants' Motion for Summary Judgment (#48) p. 2.

As a preliminary matter, several individuals named as defendants in this case are not alleged to have been personally involved in the alleged violations of plaintiff's rights. To prevail on a § 1983 claim, "a plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not alleged any facts that would demonstrate that defendants Peters, Morrow, Gower, Williamson, Franke, Edison, Bauer, McMilen, Pedro, Kornagay, Burchett, Iverson, Jackson, Lytle, Clayton, or Enriquez we personally involved in the alleged conduct giving rise to plaintiff's claims.

Plaintiff apparently seeks to hold these individuals liable on a theory of *respondeat superior*. However, it is well settled that *respondeat superior* is not a proper basis for § 1983 liability. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Monell v. Dept. of Social Services, 436 U.S. 658, 691-694 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable based on his or her personal

involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901

F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged any facts that would establish *respondeat superior* liability as to any of the above named defendants, and they are entitled to judgment as a matter of law.

Plaintiff's allegation that defendants used excessive force in violation of the Eighth Amendment to extract him from his cell is without merit.

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain," are grossly disproportionate to the severity og the crime for which the inmate was imprisoned, or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976).

In order to establish liability under the Eighth Amendment, a plaintiff must prove two distinct components: 1.) that the plaintiff actually suffered an extreme deprivation or was placed at a substantial risk of suffering a significant

injury; and 2) that the defendants acted with a sufficiently culpable state of mind (deliberate indifference). Wilson v. Sieter, 501 U.S. 294, 298 (1991); LeMaire v. Mass, 12 F.3d 1444, 1451 (9th Cir. 1993); May v. Bladwin, 109 F.3d 557, 565 (9th Cir. 1997).

The Eighth Amendment does not apply to every deprivation or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivation "serious injury inflicted by prison officials acting with a culpable state of mind." Hudson v. McMillian, 503 U.S. 1 (1992). There is a *de minimis* level of imposition with which the Constitution is not concerned. Ingraham v. Wright, 430 U.S. 651, 674 (1977).

When considering a complaint that excessive force was used in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 6-7 (1992).

The five factors relevant to the analysis include: (1) the need for application of force; (2) the relationship between the need and the amount fo force that was used; (3) the extent of the injury inflicted; (d) the extent of the threat to the safety of staff and inmates as reasonably percieved by the responsible officials on the basis of facts

known to them; and (5) any efforts made to temper the severity of the forceful response. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003) (*quoting Hudson*, 503 U.S. at 7). In considering use of force measures, courts should afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitly v. Albers, 475 U.S. 312, 321-22 (1986) Also, to state a viable excessive force claim, a plaintiff must allege more than *de minimis* harm. *Hudson*, 503 U.S. at 8-10.

When these factors are applied to the case at bar, it is not even a close call. The evidence is clear that force was needed to gain control over an inmate who was participating in a group disturbance that posed a significant threat to institutional safety and security. The amount of force used was reasonable and in compliance with prison regulations, *see*, ODOC Rules manual Rule 291-031-0065. Plaintiff did not suffer any significant injury as a result of his cell extraction. Although plaintiff refused to walk to a holding cell claiming he could not feel his legs, after he was placed in the holding cell, he rose to his feet on his own power and refused medical help when offered.

There is no genuine issue of material fact that the

measured force used to extract plaintiff from his cell was a reasonable response to plaintiff's behavior and necessary to restore order. The video evidence demonstrates that the cell extraction team demonstrated utmost professionalism and restraint even as plaintiff hurled vulgar abuse and threats at them. There is no evidence that any defendant was malicious or sadistic in their conduct towards plaintiff. *See*, Declaration of Alan Archer (#50) Exhibit 2 (DVD recording of the incident).

Plaintiff's due process claim based on the temporary confiscation of his bedding, mattress, and paper is also without merit. Plaintiff's placement on "close supervision" status was reasonable and necessary under the circumstances and did not impinge on the duration of plaintiff's confinement or constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandine v. Conner, 515 U.S. 472 (1995); *see*, e.g., Duncan v. Levenhagen, 2000 WL 557009, *2 (7th Cir. 2000); Seltzer-Bey v. Delo, 66 F.3d 961 (8th Cir. 1995); Bone v. Walker, Case No. 07-1353, 2010 WL 375320 *7, (C.D. Ill., Jan 25, 2010); Dunkley v. Tate, Case No. 7:07cv00465, 2007 WL 2900169, *2 (W.D. Va. Oct. 1, 2007); Lloyd v. Briley, Case No. 05-C-1499, 2007 WL 917385, *7-8 (M.D. Ill, March 23, 2007).

Plaintiff has submitted a Statement of Disputed Factual

Issues (#68). However, the allegations in that document do not create any "genuine issues of material fact." Each of plaintiff's disputed facts is either not supported by any evidence, contradicted by evidence in the record, or inconsistent with plaintiff's own previous statements.

Specifically, the video tape of the cell extraction contradicts plaintiff's allegations that he was lifted in the air, punched, kicked, or piled on top of. Plaintiff also disputes the length of time he was on close supervision status. However his repeated judicial admissions are consistent with defendants' contention that he was on close supervision for less than 20 hours. The alleged discrepancy is immaterial in any event because the cases cited above establish that periods of time much longer than that alleged by plaintiff do not constitute cruel and unusual punishment.

As discussed above, I find that defendants' conduct did not violate plaintiff's constitutional rights. However, even if some minor violation of plaintiff's rights may have occurred, defendants are entitled to qualified immunity from liability to plaintiff because plaintiff has not established that such conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Conn. V. Gabbert, 526 U.S. 286 (1999); Siegert v. Gilley, 500 U/S. 226 (1991); Saucier v. Katz, 533 U.S. 194

(2001).

The record reflects that a reasonable correctional officer in defendants' circumstances would not have been aware that using measured force to extract plaintiff from his cell and temporarily depriving plaintiff of his bedding, mattress and paper - all actions being in compliance with ODOC policies and procedures, would violate plaintiff's constitutional rights. Accordingly, I find that defendants are entitled to immunity from liability to plaintiff.

Plaintiff generally alleges "negligence." However, mere negligence is not a proper basis for §1983 liability. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). To the extent plaintiff seeks to allege a claim for negligence as an ancillary state law claim under the Oregon Tort Claims Act, his claims against the defendants in their official capacities are barred by the Eleventh Amendment. O.R.S. 30.265(3) provides that the "sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment duties . . . is an action against the public body." Thus the State of Oregon is substituted as the proper defendant in claims against the individual defendants in their official capacities. - and the Eleventh Amendment bars plaintiff from suing the State in this court. Hale v. Arizona, 993 F.2d 1387,

1398 (9th Cir. 1993).

Even if plaintiff's allegations stated a claim for negligence against the defendants in their individual capacities, I find that this court should refrain from exercising jurisdiction over any such claim.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

In this case there are no extraordinary circumstances that would warrant the court retaining jurisdiction over a possible ancillary state law claim after the § 1983 claims giving rise to the court's jurisdictional basis is dismissed.

Plaintiff's requests for various injunctions are construed as requests for declaratory relief, which for the

reasons discussed above, he is not entitled. In any event, plaintiff has not demonstrated a "likelihood of substantial and immediate irreparable injury," including a "real or immediate threat the [he] will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (*quoting* O'Shea v. Littleton, 414 U.S. 488, 502 (1974).[1] Nor has plaintiff established any of the PLRA's requirements for prospective injunctive relief relating to prison conditions. *See*, 18 U.S.C. § 3626, et seq.

Plaintiff alleges that defendants alleged conduct "constituted 'contempt of court' for violating previous court orders issued by the Ninth Circuit, Judge Owen Panner, and Judge Ann Aiken." However, plaintiff has not identified any injunction that would prohibit forced cell extraction or the use of close supervision status under the circumstances of this case.

Based on all of the foregoing, I find that "there is no genuine issue as to any material fact" remaining in this case and that defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Defendants Motion for Summary Judgment (#48) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action.

This recommendation is not an order that is immediately

---

[1]Plaintiff is no longer even housed at TRCI.

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.***

DATED this 4 day of August, 2016.

Thomas M. Coffin
United States Magistrate Judge